IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**ANTHONY J. HUDSON**                                                                  **PLAINTIFF**

**VERSUS**                                    **CIVIL ACTION NO. 2:10cv147KS-MTP**

**JONES COUNTY; JONES COUNTY BOARD
OF SUPERVISORS; AND JONES COUNTY
CIRCUIT CLERK, WENDELL BART GAVIN,
IN HIS PERSONAL AND PROFESSIONAL
CAPACITY; AND ABC INSURANCE CO.**                   **DEFENDANTS**

## ORDER DENYING REMAND

This matter is before the court on Motion to Remand **[#4]** filed on behalf of the plaintiff. The court having considered the motion, the response, the briefs of counsel, the authorities cited, and the being otherwise fully advised in the premises finds that the motion is not well taken and should be denied. The court specifically finds as follows, to wit:

## FACTUAL BACKGROUND

On May 10, 2010, the plaintiff filed suit in the Circuit Court of Jones County, Mississippi, against Jones County, Mississippi, the Jones County Board of Supervisors and Wendell Bart Gavin. In his Complaint, the plaintiff contends that he has suffered violations of his Equal Protection and Due Process rights under the United States Constitution. The Plaintiff also alleges a conspiracy claim under 42 U.S.C. § 1985. On June 9, 2010, the defendants timely removed the case to this court asserting federal question jurisdiction, 28 U.S.C. § 1441(b).

## STANDARD OF REVIEW

The removal statutes are to be strictly construed against removal. *See, Brown v. Demco, Inc.*, 792 F.2d 478 (5th Cir. 1986); and *Butler v. Polk*, 592 F.2d 1293 (5th Cir. 1979). The defendant, as the removing party, bears the burden of establishing the court's jurisdiction. *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 42 S. Ct. 35, 66 L.Ed. 144 (1921); *Village Fair Shopping Company v. Sam Broadhead Trust*, 588 F. 2d 431 (5th Cir. 1978); *Ray v. Bird and Son Asset Realization Company, Inc.*, 519 F. 2d 1081 (5th Cir. 1975). Generally, where there are close questions whether to remand an action, the court will resolve the issue in favor of remand. *OPNAD Fund, Inc. v. Watson*, 863 F. Supp. 328, 330(S.D. Miss. 1994); citing *Laughlin v. Prudential Insurance Company*, 882 F. 2d 187, 190 (5th Cir. 1989).

## FEDERAL QUESTION-"ARISING UNDER"

The defendants assert that the plaintiff's claims arise under federal law as the plaintiff has asserted specific violations of the United States Constitution and federal statutes. In order for the court to properly entertain removal jurisdiction pursuant to 28 U.S.C. § 1441(b) under federal question auspices, the cause of action must be one which arises "under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. A suit arises under federal law if some substantial, disputed question of federal law appears on the face of the well pleaded complaint. *See Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 12, 103 S. Ct. 2841, 2848, 77 L. Ed. 2d 420 (1983). "A defendant may not remove on the basis of an anticipated or even

inevitable federal defense, but instead must show that a federal right is 'an element, and an essential one, of the plaintiff's cause of action.'" *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362 , 366 (5th Cir. 1995)(quoting *Gully v. First Nat'l Bank*, 299 U.S. 109, 111, 57 S. Ct. 96, 97, 81 L. Ed. 70 (1936)).

A plaintiff is generally the master of his own complaint. *See, Healy v. Sea Gulf Specialty Co.*, 237 U.S. 479, 480, 35 S. Ct. 658, 659, 59 L. Ed. 1056 (1915), and *The Fair v. Kohler Dye and Specialty Co.*, 228 U.S. 22, 23, 33 S. Ct. 410, 411, 57 L. Ed. 716 (1913). It is well settled that "a plaintiff with a choice between federal and state law claims may elect to proceed in state court on the exclusive basis of state law, thus defeating the defendant's opportunity to remove, but taking the risk that his federal claims will one day be precluded." *Carpenter v. Wichita Indep. Sch. Dist.*, 44 F.3d at 366(citing *Merrill Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 809, 106 S. Ct. 3229, 3233, n. 6, 92 L. Ed. 2d 650 (1986)).

Under the well pleaded complaint rule, federal jurisdiction is found to exist only where a federal claim is presented on the face of the plaintiff's properly pleaded complaint. *See Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475, 118 S. Ct. 921, 139 L. Ed. 2d 912 (1998). The defendants point to the plaintiff's specific acknowledgment that his claim arises under the United States Constitution and federal laws to support its argument that the face of the Complaint does indeed assert a federal claim.

The defendants argued that the plaintiff has failed to plead any state law claims. The plaintiff responded that he "sees no reason for the removal of this case" because he may pursue his federal claims in state court and, as the plaintiff, he has "a choice of

venues." He also contends that he is pursuing a state law claim for the alleged abuse by defendant Circuit Clerk Gavin to perform a statutory duty pursuant to Miss. Code Ann. § 23-15-931. The defendants counter that while any state law claim the plaintiff attempts to allege will be governed by the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1, et seq, the factual basis of any such claim will be identical to any federal claim under Section 1983 and litigating in two forums at the same time would be inefficient and overly burdensome.

Indeed, the Fifth Circuit has observed that "[u]nless, therefore, there is an express declaration by Congress to the contrary, all types of civil actions, in which there is concurrent original jurisdiction in both federal and state courts, are removable." *Baldwin v. Sears*, 667 F.2d 458, 460 (5th Cir. 1982). Instructive language from the Fifth Circuit in *Baldwin* reads:

> Examining the specific language contained in the ADEA, we note that Congress chose to use the words, ". . . may bring a civil action in any court of competent jurisdiction . . ." 29 USC § 626(c)(1). This language clearly suggests that a plaintiff may institute suit based on the ADEA in either state or federal court. It does not indicate an intent on the part of Congress, however, to allow a plaintiff to prosecute the suit to final judgment in that court. In short, we find no express prohibition against removal pursuant to 28 USC § 1441(a).

667 F.2d at 461.

Likewise, the court finds no express prohibition of removal, in spite of the plaintiff's assertion otherwise. In fact, the court concludes that it is clear that the plaintiff's cause of action arises under federal law and thus is properly removable.

Additionally, supplemental jurisdiction under 28 U.S.C. § 1367 is a proper vehicle to entertain jurisdiction over any state law claims asserted by the plaintiff. Supplemental jurisdiction is a codification of the ancillary and pendent jurisdiction

4

doctrines. Section 1367(a) provides:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy. . .

In the event a federal court dismisses the federal claims, which is not the case here, it may properly decline jurisdiction over the state law claims under Subsection (c) of § 1367. Section 1367(c) provides:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if --
>
> (1) the claim raises a novel or complex issue of state law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

The rationale for declining supplemental jurisdiction once the federal claims are dismissed derives from the doctrine it codified, i.e., pendent jurisdiction. "It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218, 228 (1966). The exercise of pendent jurisdiction should be viewed consistent with considerations of judicial economy, convenience and fairness to the litigants. *See Laird v. Bd. of Trustees of Inst. of Higher Learning*, 721 F.2d 529 (5th Cir. 1983).

Likewise, the court should look to the same considerations in deciding to maintain such jurisdiction. In this case, the claim does not raise any novel or complex issues of state law nor do the state claims substantially predominate over the claims over which the district court has original jurisdiction. This court has not dismissed any claims over which it has original jurisdiction nor are there any exceptional circumstances or other compelling reasons for declining jurisdiction.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the Motion to Remand **[#4]** filed on behalf of the plaintiff is Denied.

SO ORDERED AND ADJUDGED, this the 27th day of July, 2010.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE