IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**ANTHONY J. HUDSON**                                                                              **PLAINTIFF**

**VERSUS**                                          **CIVIL ACTION NO. 2:10cv147KS-MTP**

**JONES COUNTY; JONES COUNTY BOARD
OF SUPERVISORS; AND JONES COUNTY
CIRCUIT CLERK, WENDELL BART GAVIN,
IN HIS PERSONAL AND PROFESSIONAL
CAPACITY; AND ABC INSURANCE CO.**                        **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the court on Motion to Dismiss State Law Claims **[#13]** filed on behalf of Defendants Jones County and Wendell Bart Gavin. The court having considered the motion, the response, the briefs, the authorities cited, and the being otherwise fully advised in the premises finds that the motion is well taken and should be granted. The court specifically finds as follows, to wit:

## FACTUAL BACKGROUND

On May 10, 2010, the plaintiff filed suit in the Circuit Court of Jones County, Mississippi, against Jones County, Mississippi, the Jones County Board of Supervisors and Wendell Bart Gavin. In his Complaint, the plaintiff contends that he has suffered violations of his Equal Protection and Due Process rights under the United States Constitution. The Plaintiff also alleges a conspiracy claim under 42 U.S.C. § 1985. On June 9, 2010, the defendants timely removed the case to this court asserting federal question jurisdiction, 28 U.S.C. § 1441(b). The court previously denied a motion to

remand.  Gavin and Jones County have now filed the present motion to dismiss the state law claims of the plaintiff.

## STANDARD OF REVIEW

The defendants have moved the Court to dismiss this matter under Rule 12(b)(6) for failure of the Plaintiff to state a claim upon which relief can be granted.  In ruling on a 12(b)(6) motion, the Court may not go outside the pleadings, specifically the complaint in this case.  "The Rule 12(b)(6) motion . . . only tests whether the claim has been adequately stated in the complaint."  5A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1356 at 298 (1990).

As the Fifth Circuit has stated, "We may not go outside the pleadings.  We accept all well-pleaded facts as true and view them in the light most favorable to the Plaintiff.  We cannot uphold the dismissal 'unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  *Colle v. Brazos County, Texas*, 981 F.2d 237, 243 (5th Cir. 1993)(internal footnotes and citations omitted).  *See also, Cinel v. Connick*, 15 F.3rd 1338, 1341 (5th Cir. 1994).

While a complaint need not contain detailed factual allegations to survive a 12(b)(6) motion, the United States Supreme court has held that a plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 540, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929, 940 (2007)(other citations omitted).  Of course, if any matters outside the complaint are considered, the motion is converted to one for summary judgment.  *See Murphy v.*

*Inexco Oil Co.*, 611 F.2d 570, 573 (5th Cir. 1980).

## **ANALYSIS**

Plaintiff's claims arise out of Jones County and Wendell Bart Gavin's alleged actions in connection with the June 2, 2009 General Election in the City of Laurel, Jones County, Mississippi. More specifically, the Plaintiff contends that he discovered violations of "Voter Laws and Voter Fraud" in that election and that Gavin failed to properly summons Election Commissioners and witnesses to his election contest. The Plaintiff contends that Gavin's actions were an effort to thwart Plaintiff's right to Due Process and Equal Protection.

The Plaintiff's Complaint alleges violations of the United States Constitution, it does not assert any state law claims. Nevertheless, in pleadings filed in this matter, the Plaintiff contends that he is alleging state law claims. The Defendants assert that any state law claims that Plaintiff has asserted are exclusively governed by the Mississippi Tort Claims Act ("MTCA"), Miss. Code Ann. § 11-46-1, *et seq.; City of Tupelo v. Martin*, 747 So.2d 822, 826 (Miss. 1999). Under the MTCA, sovereign immunity is waived for the State of Mississippi and its political subdivisions; however, this waiver is subject to numerous limitations, restrictions and exceptions. Defendants contends that at least one such limitation applied here bars Plaintiff's state law claims.

That limitation is contained in Section 11-46-11 of the MTCA which requires a claimant file a notice of claim prior to filing suit. Miss. Code Ann. § 11-46-11. In this case, the Plaintiff failed to file a notice of claim and, as such, Defendants argue that the Plaintiff's state law claims must be dismissed.

As stated, the MTCA contains a number of procedural requirements with which a claimant must comply.  There is perhaps no more significant procedural requirement under the MTCA than the "Notice of Claim" provisions found in Section 11-46-11.  Section 11-46-11 of the MTCA provides that

> [a]ny person having a claim for injury arising under the provisions of this chapter against a governmental entity. . . shall proceed as you might in any action at law or in equity; provided, however, that ninety (90) days prior to maintaining an action thereon, such person shall file a notice of claim with the chief executive officer of the governmental entity.

Miss. Code Ann. § 11-46-11.

The Mississippi Supreme Court has explained that Section 11-46-11(1) "imposes a condition precedent to the right to maintain an action." *Carr v. Town of Shubuta*, 733 So. 2d 261, 265 (Miss. 1999).  The method of filing the notice, as well as the substance of the notice itself, are specified by statute.  In particular, Section 11-46-11(2) states that

> Every notice of claim…shall be in writing, and shall be delivered in person or by registered or certified United States mail. Every notice of claim shall contain a short and plain statement of facts upon which the claim is based, including the circumstances which brought about the injury, the time and place the injury occurred, the names of all persons known to be involved, the amount of money damages sought and the residence of the person making the claim at the time of the injury and at the time of filing the notice.

Miss. Code Ann. § 11-46-11(2).

In this case, the Court finds that the Plaintiff has failed to provide the required notice of claim and, as such, his state law claims must be dismissed.  In view of the dismissal of the Plaintiff's state law claims, Defendants' Motion to Strike Plaintiff's Demand for Punitive Damages and Jury as to State Law Claims **[#15]** is moot and should be denied.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the Motion to Dismiss State Law Claims **[#13]** filed on behalf of Defendants Jones County and Wendell Bart Gavin is Granted and the Motion to Strike Plaintiff's Demand for Punitive Damages and Jury as to State Law Claims **[#15]** filed on behalf of Defendants Jones County and Gavin is denied as moot.  A separate judgment shall be entered herein in accordance with Rule 58, Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED, this the 27th day of October, 2010.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE