**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**HATTIESBURG DIVISION**

**ANTHONY J. HUDSON**                                                         **PLAINTIFF**

**VERSUS**                                          **CIVIL ACTION NO.  2:10cv147KS-MTP**

**JONES COUNTY; JONES COUNTY**
**CIRCUIT CLERK, WENDELL BART GAVIN,**
**IN HIS PERSONAL AND PROFESSIONAL**
**CAPACITY; AND ABC INSURANCE CO.**                         **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on a Motion for Summary Judgment **[#31]** filed on

behalf of Defendant Wendell Bart Gavin and on a Cross-Motion for Summary Judgment

**[#33]** filed on behalf of the Plaintiff, Anthony J. Hudson.  The court having considered

the motions, the responses, the briefs, the authorities cited, and the being otherwise

fully advised in the premises finds that the defendant's motion is well taken and should

be granted and that the plaintiff's motion is not well taken and should be denied.  The

court specifically finds as follows, to wit:

**FACTUAL BACKGROUND**

Hudson was a candidate for Mayor of the City of Laurel in the June 2, 2009

General Election.  In that election, Melvin Mack received One Thousand Two Hundred

Ninety-Eight (1,298) votes and Hudson received One Hundred Fourteen (114) votes.

Subsequently, Hudson reviewed the voter boxes and, according to him, discovered

evidence of fraud.

On June 10, 2009, Hudson filed an election contest in the Circuit Court of Jones County, Mississippi contesting the general election for mayor of the City of Laurel. In his contest, Hudson pointed out what he contends are multiple instances of voter fraud. Prior to obtaining service of process on the defendants, Hudson filed a "Motion to Set Hearing" requesting the Court move his contest forward. In response to Hudson's Motion to Set Hearing, on August 4, 2010, the Circuit Court issued a Notice of Hearing stating that Judge Billy Bridges would hear any pending motions on August 20, 2009 at 1:00 p.m.

On August 20, 2009, Hudson appeared at the previously noted hearing along with his friend Marian Allen, who at that time was contesting an election for City of Laurel Alderman. David Ratcliff appeared at the hearing on behalf of the City of Laurel and Wayne Thompson appeared on behalf of Jones County. At the hearing, Hudson, Ratcliff and Thompson discussed service of process on the defendants. Hudson made it clear that it was his opinion that he was not responsible for serving the defendants with process.

Nevertheless, following the hearing, Hudson served the defendants with process and they appeared by way of Answers. The City of Laurel, Jones County and Gavin subsequently filed Motions for Summary Judgment. On October 13, 2009, the Circuit Court heard oral argument on the defendants' Motions for Summary Judgment and granted the same. A Final Judgment issued on October 28, 2009. Hudson appealed the Final Judgment and it is currently pending before the Mississippi Supreme Court.

On March 5, 2010, Hudson filed suit in the Circuit Court of Jones County, Mississippi, against Jones County, Mississippi, the Jones County Board of Supervisors

and Wendell Bart Gavin.  In his Complaint, Hudson contends that he has suffered violations of his Equal Protection and Due Process rights under the United States Constitution.  Hudson also alleges a conspiracy claim under 42 U.S.C. § 1985.  On June 9, 2010, the defendants timely removed the case to this court asserting federal question jurisdiction, 28 U.S.C. § 1441(b).  The court previously denied a motion to remand.  The court has also granted a motion by Gavin and Jones County to dismiss the state law claims of the plaintiff.  Gavin has now moved for summary judgment on all remaining claims.  Hudson has filed a Cross-Motion for Summary Judgment **[#33]** in response.

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure, Rule 56(c) authorizes summary judgment where "the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  FRCP 56(c); and *see Celotex Corporation v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986).  The existence of a material question of fact is itself a question of law that the district court is bound to consider before granting summary judgment.  *John v. State of La. (Bd. of T. for State C. & U.)*, 757 F.2d 698, 712 (5th Cir. 1985).

A Judge's function at the summary judgment stage is not himself to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial.  There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party.  If the evidence

is merely colorable, or is not significantly probative, summary judgment is appropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 91 L.Ed.2d 202, 106 S.Ct. 2505 (1986).

Although Rule 56 is peculiarly adapted to the disposition of legal questions, it is not limited to that role. *Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis*, 799 F.2d 218, 222 (5th Cir. 1986). "The mere existence of a disputed factual issue, therefore, does not foreclose summary judgment. The dispute must be genuine, and the facts must be material." *Id.* "With regard to 'materiality', only those disputes over facts that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment." *Phillips Oil Company v. OKC Corporation*, 812 F.2d 265, 272 (5th Cir. 1987). Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial. *See Celotex*, 477 U.S. at 323, 106 S.Ct at 2552." *Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992). In making its determinations of fact on a motion for summary judgment, the Court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law to prevail on his motion. *Union Planters Nat. Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131.

"Rule 56 contemplates a shifting burden: the nonmovant is under no obligation

4

to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]."  *John*, 757 F.2d at 708.  "Summary judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants' motion for summary judgment," even in light of a Local Rule of the court mandating such for failure to respond to an opposed motion.  *Id.* at 709.

However, once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence.  *Ferguson v. National Broadcasting Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978).  In other words, "the nonmoving litigant is required to bring forward 'significant probative evidence' demonstrating the existence of a triable issue of fact."  *In Re Municipal Bond Reporting Antitrust Lit.* , 672 F.2d 436, 440 (5th Cir. 1982).  To defend against a proper summary judgment motion, one may not rely on mere denial of material facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. The nonmoving party's response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial.  Rule 56(e), Fed.R.Civ.P.  *See also, Union Planters Nat. Leasing v. Woods*, 687 F.2d at 119.

While generally "'[t]he burden to discover a genuine issue of fact is not on [the] court,' (*Topalian* 954 F.2d at 1137), 'Rule 56 does not distinguish between documents merely filed and those singled out by counsel for special attention-the court must consider both before granting a summary judgment.'"  *John*, 757 F.2d at 712 (quoting *Keiser v. Coliseum Properties, Inc.*, 614 F.2d 406, 410 (5th Cir. 1980)).

## ANALYSIS

As stated above, Hudson's claims arise out of Gavin's alleged actions in connection with the June 2, 2009 General Election in the City of Laurel, Jones County, Mississippi. More specifically, Hudson contends that he discovered violations of "Voter Laws and Voter Fraud" in that election and that Gavin failed to properly summons Election Commissioners and witnesses to his election contest. Hudson contends that Gavin's actions were an effort to thwart Plaintiff's right to Due Process and Equal Protection. Gavin contends that all of Hudson's claims lack merit and that he is entitled to qualified immunity in this matter.

## QUALIFIED IMMUNITY

The Fifth Circuit has held that "government officials performing discretionary functions are protected from civil liability under the doctrine of qualified immunity if their conduct violates no 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Sorenson v. Ferrie*, 134 F.3d 325, 327 (5th Cir. 1998)(quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738, 73 L. Ed. 2d 396 (1982)).

Under the two step analysis employed by the Fifth Circuit in reviewing claims wherein qualified immunity has been asserted, the Court must first determine "whether the plaintiff has asserted the violation of a clearly established constitutional right. If so, the court decides whether the defendant's conduct was objectively reasonable." *Sorenson*, 134 F.3d at 327 *(*quoting *Coleman v. Houston Indep. Sch. Dist.,* 113 F.3d 528, 533 (5th Cir. 1997)(applying the two-prong test of *Siegert v. Gilley*, 500 U.S. 226,

6

231-32, 111 S. Ct. 1789, 1792-93, 114 L. Ed. 2d 277 (1991)).  The first step "is

subdivided into three questions: (1) whether a constitutional violation is alleged; (2)

whether the law regarding the alleged violation was clearly established at the time of the

alleged violation; and (3) whether the record shows that a violation occurred."  *Dudley v.*

*Angel*, 209 F.3d 460, 462 *(*quoting *Kerr v.Lyford,* 171 F.3d 330, 339 (5th Cir. 1999)*(*citing

*Rich v. Dollar*, 841 F.2d 1558, 1563 (11th Cir. 1988)).

        In this case, the court finds that Hudson cannot demonstrate he has suffered a

constitutional deprivation and, as such, his claims against Gavin must be dismissed.


**I.  DUE PROCESS**

        To state a claim for a due process violation, Hudson must establish a

"recognized „liberty or property. interest within the purview of the Fourteenth

Amendment, and that he was intentionally or recklessly deprived of that interest, even

temporarily, under color of state law.'"  *Griffith v. Johnston*, 899 F.2d 1427, 1435 (5th Cir.

1990).  The procedural component of the Due Process Clause makes certain that

citizens receive fair process i.e. notice and an opportunity to respond, when deprived of

a protected liberty interest.  *Finch v. Fort Bend Indep. Sch. Dist.*, 333 F.3d 555, 562 (5th

Cir. 2003).  The substantive due process "bars certain arbitrary, wrongful government

actions „regardless of the fairness of the procedures used to implement them."  *Marco*

*Outdoor Adver., Inc. v. Reg'l Transit Auth.*, 489 F.3d 669, 673 (5th Cir.. 2007) (quoting,

*Zinermon v. Burch*, 494 U.S. 113, 125 (1990)).  Substantive due process is violated by

state conduct that "shocks the conscience."  *McClendon v. City of Columbia*, 305 F.3d

314, 326 (5th Cir. 2002).

Thus, in order to prove a due process violation, Hudson must first show that he has a "recognized liberty or property interest within the purview of the Fourteenth Amendment." *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 450 (5th Cir. 1995).  The United States Supreme Court has explained that to "have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it  … more than a unilateral expectation of it[.]"  *Board of Regents v. Roth*, 408 U.S. 564, 569-70 (1972).  A person must "instead, have a legitimate claim of entitlement to" the property interest.  *Id.*

Property interests are not created by the Constitution; rather, "they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law."  *Id.* at 577.  While the "underlying substantive interest is created by 'an independent source such as state law,' federal constitutional law determines whether that interest rises to the level of a 'legitimate claim of entitlement' protected by the Due Process Clause."  *Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 9 (1978); *Woodard v. Andrus*, 419 F.3d 348 (5th Cir. 2005) (a violation of state statute alone is not cognizable under § 1983).

Hudson has not demonstrated a constitutionally protected property interest.

## A. Election Commissioners

Hudson points to Miss. Code Ann.§ 23-15-931 as evidence that he was constitutionally entitled to have his contest heard by Election Commissioners; however, that section is wholly inapplicable to Hudson's election contest.  Section 23-15-931 is found in Subarticle B of Article 29 of Mississippi.s Election Code and applies only to contests of primary elections.  When an individual is contesting a primary, *i.e.* contesting

an election for a party nominee, the petition is first heard by the parties' executive committee. *See*, Miss. Code Ann. § 23-15-927. If the executive committee fails to act reasonably, the aggrieved party can file a petition in circuit court and, on the day of the contest hearing, subpoenas are issued to each of the five election commissioners of the County requiring them to attend the hearing. Miss. Code Ann. § 23-15-931. Thus, in a primary election contest the Election Commissioners are summonsed and sit with the judge or chancellor as advisors in the contest. *Id.*

Contrary to the above, when the election being contested is a general election, Election Commissioners are not issued summons as their participation at the hearing is not necessary. More specifically, in a general election contest, Section 23-15-951 of the Mississippi Code applies as opposed to Section 23-15-931. Section 23-15-951 does not provide for the issuance of summons to Election Commissioners; rather, such contests are heard by a jury alone. Miss. Code Ann. § 23-15-951.

Inasmuch as the election which Hudson contested was a general election, it falls under Section 23-15-951 and does not require summons be issued to the Election Commissioners. Without question, Hudson has no legitimate entitlement to a contest before Election Commissioners. In the absence of a protected property interest, Hudson cannot demonstrate that he suffered a constitutional violation and, thus, any due process claim must be dismissed

**B. Jury**.

Hudson also complains that he had a constitutionally protected property interest in having his case heard by a jury. Indeed, Section 23-15-951 provides that election contests are "tried by a jury." Miss. Code Ann. § 23-15-951. While this fact alone is

9

insufficient to establish a constitutionally protected property interest, Hudson's claim against Gavin would fail even if this Court assumes such an interest.

First, as Hudson has not provided any evidence that Gavin deprived him of a jury trial. Next, and more importantly, Hudson was not denied a jury trial by anyone; rather, he was simply unable to get past the defendants' Motion for Summary Judgment. It is well settled in the Fifth Circuit that the entry of a summary judgment does not violate any constitutional rights. *See, Oglesby v. Terminal Trans. Co.*, 543 F.2d 1111, 1113 (5th Cir. 1976). The function of a jury is to try the material facts and where no such facts are in dispute there is no need for a jury trial. *Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007). Hudson had an opportunity to respond to the defendants' Motion for Summary Judgment and he failed to demonstrate any disputed material facts. Thus, the court granted summary judgment. Hudson has clearly failed to demonstrate a constitutional entitlement to a jury or a deprivation of the same.

## II. EQUAL PROTECTION

The Equal Protection Clause of the Fourteenth Amendment directs that "all persons similarly situated should be treated alike." *City of Cleburne v. Cleburn Living Ctr.*, 473 U.S. 432 (1985). A plaintiff can demonstrate an equal protection claim by providing evidence that a state actor intentionally discriminated against him because of membership in a protected class or that he has been intentionally treated differently from others similarly situated and there is no rational basis for the disparate treatment. *See, Williams v. Bramer*, 180 F.3d 699, 705 (5th Cir. 1999); *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)(class of one claim).

Hudson has not demonstrated either. Although Hudson is an African-American,

10

and thus, a member of a protected class, he has not provided any evidence to demonstrate that Gavin intentionally and purposefully discriminated against him when he failed to summons election commissioners to his election contest or that Hudson was not given a jury trial.  Given that Gavin had no duty to summons the election commissioners or provide a jury trial wholly undermines Hudson's theory. Nevertheless, even had such a duty existed, Hudson has failed to provide evidence of purposeful discrimination.  *See, Muhammad v. Lynaugh*, 966 F.2d 901, 903 (5th Cir. 1992).

The Supreme Court has defined "discriminatory purpose" as being "more than intent as volition or intent as awareness of consequences;" rather, the decision maker must have "selected or reaffirmed a course of action at least in part 'because of,' not merely 'in spite of' its adverse effects upon an identifiable group."  *Personnel Administrator v. Feeney*, 442 U.S. 256, 279 (1979).  There is absolutely no proof that Gavin took any action "because of" the adverse effects his alleged actions would have upon African Americans.  At his deposition, Hudson admitted that he had no document, record or other item that evidenced that Gavin treated him differently because he was an African American.  Hudson has merely made bald, unsupported conclusory allegations of discrimination and the same are simply not sufficient.  *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 336 (5th Cir. 2009).

Similarly, Hudson has failed to provide any evidence that any person similarly situated to him was treated differently.  That is, Hudson has not demonstrated that any white person, pro se or otherwise, contesting a general election was treated any different than he was.  In fact, Hudson admits that he has not even "looked" to see if any

11

person was treated differently than him.  This failure in proof is fatal to Hudson's claim and requires the same be dismissed.

### III. 42 U.S.C. § 1985(3)

Finally, Hudson has made broad, conclusory allegations that Gavin conspired to deprive him of his constitutional rights.  To maintain a claim under section 1985(3), a plaintiff must allege that

> (1) the defendants conspired (2) for the purposes of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, and (3) one or more of the conspirators committed some act in furtherance of the conspiracy; whereby (4) another person is injured in his person or property or deprived of having and exercising any right or privilege of a citizen of the United States; and (5) the action of the conspirators is motivated by racial animus.

*Horaist v. Doctor's Hosp. of Opelousas*, 255 F.3d 261, 270 n. 12 (5th Cir.2001) (quoting, *Wong v. Stripling*, 881 F.2d 200, 202-3 (5th Cir.1989)).  Clearly Hudson's Section 1985 claims must be dismissed as he cannot meet any of the elements of proof.

First, Hudson has failed to offer any proof that Gavin "conspired" with any person to deprive him of his right to equal protection.  "The essence of a conspiracy is an understanding or agreement between the conspirators.*" Lockett v. New Orleans City*, 639 F. Supp. 2d 710, 743 (E.D.LA 2009).  While Hudson alleges Gavin conspired with one of his deputy clerks, Ms. Bush, to deprive him of his constitutional rights, he fails to offer any evidence in support of this allegation.  In fact, the only allegations Hudson makes are that Ms. Bush failed to properly file his certificate of compliance when he was appealing the defendants' summary judgment in his election contest.

Hudson admitted in his deposition that he was not aware of a single conversation

between Bush and Gavin regarding the certificate of compliance much less evidence that the two had an understanding or agreement to take any concerted action with the specific intent of depriving him of a constitutional right because he was an African American.  Hudson simply has provided no evidence whatsoever that Gavin conspired with any person to deprive him of equal protection of the laws.

Significantly, even if there was evidence of some conspiracy, there is no evidence that the same was motivated by racial animus.  To be actionable, a Section 1985 conspiracy must be undertaken to violate a plaintiff's rights based upon their membership of a protected class of persons.  *See, Granville v. Hunt*, 411 F.2d 9, 11 (5th Cir. 1969).  There is absolutely no such evidence in this case.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the Motion for Summary Judgment **[#31]** filed on behalf of Defendant Wendell Bart Gavin is Granted and the Plaintiff's Complaint is dismissed with prejudice as to this defendant.  Gavin's Motion for Qualified Immunity **[#17]** is incorporated into this Summary Judgment Motion and is also granted.

IT IS FURTHER ORDERED AND ADJUDGED that the Cross-Motion for Summary Judgment **[#33]** filed on behalf of the Plaintiff, Anthony J. Hudson is denied.  A separate judgment shall be entered herein in accordance with Rule 58, Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED, this the 7th day of February, 2011.

s/Keith Starrett
UNITED STATES DISTRICT JUDGE

13