**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**ANTHONY J. HUDSON**                                                      **PLAINTIFF**

**VERSUS**                                 **CIVIL ACTION NO.  2:10cv147KS-MTP**

**JONES COUNTY; JONES COUNTY
CIRCUIT CLERK, WENDELL BART GAVIN,
IN HIS PERSONAL AND PROFESSIONAL
CAPACITY; AND ABC INSURANCE CO.**                          **DEFENDANTS**

<u>**ORDER**</u>

        This matter is before the court on a Motion for Recusal  **[#41]** filed on behalf of

Plaintiff, Anthony J. Hudson.  Hudson has not asserted why he wants the Judge to

recuse himself and has provided no information or evidence beyond simply including

recusal terminology within a Motion for Relief from Judgment.  After carefully reviewing

the entire matter, the court finds as follows:

        On May 10, 2010,  Hudson filed suit in the Circuit Court of Jones County,

Mississippi, against Jones County, Mississippi, the Jones County Board of Supervisors

and Wendell Bart Gavin.  In his Complaint, the plaintiff contends that he has suffered

violations of his Equal Protection and Due Process rights under the United States

Constitution. The Plaintiff also alleges a conspiracy claim under 42 U.S.C. § 1985.  On

June 9, 2010, the defendants timely removed the case to this court asserting federal

question jurisdiction, 28 U.S.C. § 1441(b). The court previously denied a motion to

remand.  Gavin and Jones County then filed a motion to dismiss the state law claims of

the plaintiff, which was granted.  Hudson requested a reconsideration of that decision,

which was denied.  Gavin then filed a motion for qualified immunity and summary

judgment.  The court granted Gavin's motion on February 7, 2011.  Hudson has now

filed the present motion for recusal and includes within it a motion seeking relief from

that judgment under Rule 60(b), Federal Rules of Civil Procedure.

Twenty-eight U.S.C. § 455 deals with disqualification of a judge and provides:

(a) Any justice, judge, or magistrate of the United States shall disqualify
himself in any proceeding in which his impartiality might reasonably be
question.

(b) He shall also disqualify himself in the following circumstances:

(1) Where he has a personal bias or prejudice concerning a party. .
.

28 U.S.C. § 144 provides:

Whenever a party to any proceeding in a district court makes and
files a timely and sufficient affidavit that the judge before whom the matter
is pending has a personal bias or prejudice either against him or in favor
of any adverse party, such judge shall proceed no further therein, but
another judge shall be assigned to hear such proceeding.

The affidavit shall state the facts and the reasons for the belief that
bias or prejudice exists, and shall be filed not less than ten days before
the beginning of the term at which the proceeding is to be heard, or good
cause shall be shown for failure to file it within such time.  A party may file
only one such affidavit in any case.  It shall be accompanied by a
certificate of counsel of record stating that it is made in good faith.

Hudson has stated that he is seeking disqualification of the Judge under 28

U.S.C. § 455(a).  The Court out of an abundance of caution will address his motion to

disqualify under that section as well as under 28 U.S.C. § 144.

As stated above § 144 requires that this Judge proceed no further once a timely

affidavit alleging personal bias or prejudice is filed.  Normally, the statute views the

affidavit being timely filed as before a trial or motion proceeding in a case.  *Davis v.*

*Board of School Commissioners of Mobile County*, 517 F. 2d 1044 at 1050 (5th Cir.

1975).  The Fifth Circuit has held,

If an affidavit filed under § 144 is timely and technically correct, the factual

2

allegations must be taken as true for purposes of recusal.  The trial judge
may pass only upon the legal sufficiency of the affidavit; (footnote omitted)
he may not consider the truth of the matters asserted therein. (citation
omitted).

*United States v. Merkt*, 794 F.2d 950, 960 (5th Cir. 1986).  In dealing with the legal

sufficiency of the affidavit,

> An affidavit is legally sufficient if it meets a three part test:   (1) The facts
> must be material and stated with particularity; (2) The facts must be such
> that, if true, would convince a reasonable person that bias exists; and (3)
> The facts must show that the bias is personal, rather than judicial, in
> nature. (other citations omitted).

*Id.* at Footnote 9.

As a preliminary matter, Hudson has wholly failed to file any affidavit in

conformity with § 144.  Therefore, his naked assertion of bias need not be considered

under this section.  *United States v. Balistrieri*, 779 F.2d 1191, 120 (7th  Cir. 1985) (cited

with approval, *United States v. Merkt*, 794 F. 2d at 961).

This Court, after carefully reviewing this entire matter as to his naked allegations

of bias and prejudice, finds that they are without merit and legally insufficient.  "Under

both § 144 and § 455, the alleged bias or prejudice must be personal and it must stem

from an extra judicial source which would result in an opinion on the merits on some

basis other than what the judge learned from his participation in the case."  *United*

*States v. Merkt*, 794 F. 2d at 960.  *See also, United States v. Reeves*, 782 F. 2d 1323

(5th Cir. 1986).

The naked assertions by Hudson herein in regard to this Judge's personal bias

or prejudice are not connected to any extra judicial source.  He apparently is alleging

that because this Judge made certain rulings with which he did not agree, the Judge

must be biased or prejudiced against him.  This cannot be the basis for a § 144 recusal

as "judicial rulings alone almost never constitute valid basis for a bias or partiality motion."  *Liteky v. United States*, 510 U.S. 540, 555, 114 S. Ct. 1147, 1157, 127 L. Ed. 2d 474 (1994).  As the *Liteky* Court went on to state "The judge's ruling should constitute grounds for appeal not for recusal."  *Id.*

Under 28 U.S.C. § 455 the recusal standard under the amended statute is an objective one.  "The relevant inquiry is whether 'a reasonable man, were he to know all the circumstances, would harbor doubts about the judge's impartiality.'" *Health Services Acquisition Corp. v. Lilgeberg*, 796 F. 2d 796, 800 (5th Cir. 1986), affirmed 486 U.S. 847, 108 S. Ct. 2194, 100 L. Ed. 2d 855 (1988), as quoted in *Trevino v. Johnson*, 168 F. 3d 173 at 178 (5th Cir. 1999).

The Court acknowledges its duty under both § 144 and § 455 to recuse itself any time its impartiality or fairness might reasonably be questioned.  However "a judge is as much obliged not to recuse himself when it is not called for as he is obliged when it is." *In Re: Drexel Burnham Lambert Inc.*, 861 F. 2d 1307, 1312 (2nd Cir. 1988).  After a careful review of this matter, the Court concludes that the plaintiff has presented no basis for recusal of this Judge.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the plaintiff's motion for recusal **[#41]** is denied.

SO ORDERED AND ADJUDGED, this the 21st day of February, 2011.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE