IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

ANTHONY J. HUDSON                                                                           PLAINTIFF

VERSUS                                              CIVIL ACTION NO. 2:10cv147KS-MTP

JONES COUNTY, ET AL                                                                    DEFENDANTS

### ORDER

This matter is before the court on Motion for Relief from Judgment **[#41]** filed by the plaintiff.  The court, having reviewed the motion and response and being fully advised in the premises finds that the motion is not well taken and should be denied.  The court specifically finds as follows:

On May 10, 2010, the plaintiff filed suit in the Circuit Court of Jones County, Mississippi, against Jones County, Mississippi, the Jones County Board of Supervisors and Wendell Bart Gavin.  In his Complaint, the plaintiff contends that he has suffered violations of his Equal Protection and Due Process rights under the United States Constitution. The Plaintiff also alleges a conspiracy claim under 42 U.S.C. § 1985.  On June 9, 2010, the defendants timely removed the case to this court asserting federal question jurisdiction, 28 U.S.C. § 1441(b). The court previously denied a motion to remand.  Gavin and Jones County then filed a motion to dismiss the state law claims of the plaintiff, which was granted.  Hudson requested a reconsideration of that decision, which was denied.  Gavin then filed a motion for qualified immunity and summary judgment.  The court granted Gavin's motion on February 7, 2011.  Hudson has now

filed the present motion seeking relief from that judgment under Rule 60(b), Federal Rules of Civil Procedure. However, the proper denomination of the motion is determined by the time within which the motion is served. If the motion is served within ten days of the rendition of judgment, it falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b). *See Ford v. Elsbury*, 32 F.3d 931, 937, n.7 (5th Cir. 1994). The present motion was filed within ten days of rendition of the original judgment, thus it will be considered under Rule 59(e).

"A motion for reconsideration filed within ten days of judgment is treated as a motion to alter or amend under Rule 59(e) . . . . Rule 59(e) has been interpreted as covering motions to vacate judgments, not just motions to modify or amend." *Edward H. Bohlin Co. v. Banning Co.*, 6 F. 3d 350, 353, 355 (5th Cir. 1993). "A motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir. 2003)(*quoting Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir.1990)). Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law. *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir.2002).

In ruling on such a motion, the Fifth Circuit has instructed that "a district court should consider the following nonexclusive list of factors: (1) the reasons set forth by the movant justifying consideration of evidence or arguments that the movant failed to present in the underlying motion (2) the importance of the reconsideration of the

underlying motion to the movant's case (3) whether the reasons set forth by the movant justifying the reconsideration were available to the movant before they responded to the underlying motion and (4) the likelihood that the non-movants will suffer unfair prejudice if the motion is reconsidered." *Harrigill v. U.S.A.,* 2004 WL 1595676 (S.D. Miss., June 1, 2004) (citing *Sturges v. Moore,* 73 Fed. Appx. 777, 778 (5th Cir. 2003)).

The present motion filed by Hudson seeks to reargue the same facts and the application of the same law to those facts as was argued in the original motion and response. He is attempting a "second bite" at the apple. Neither the facts nor the law have changed in the intervening period of entry of the judgment and the present motion. Therefore, the court finds that the motion is not well taken and should be denied.

IT IS THEREFORE ORDERED AND ADJUDGED that the plaintiff's Motion for Relief from Judgment, **[#41]** is denied.

SO ORDERED AND ADJUDGED this the 22nd day of February, 2011.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE