IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

ANTHONY J. HUDSON                                                                             PLAINTIFF

VERSUS                                                      CIVIL ACTION NO.  2:10cv147KS-MTP

JONES COUNTY                                                                                  DEFENDANT


## MEMORANDUM OPINION AND ORDER

This matter is before the court on a Motion for Summary Judgment **[#66]** filed on behalf of Defendant Jones County and Wendell Bart Gavin in his Official Capacity as Circuit Clerk of Jones County, Mississippi and on a Cross-Motion for Summary Judgment **[#64]** filed on behalf of the Plaintiff, Anthony J. Hudson.  The court having considered the motions, the responses, the briefs, the authorities cited, and the being otherwise fully advised in the premises finds that the defendants' motion is well taken and should be granted and that the plaintiff's motion is not well taken and should be denied.  The court specifically finds as follows, to wit:

## FACTUAL BACKGROUND

Hudson was a candidate for Mayor of the City of Laurel in the June 2, 2009 General Election.  In that election, Melvin Mack received One Thousand Two Hundred Ninety-Eight (1,298) votes and Hudson received One Hundred Fourteen (114) votes.  Subsequently, Hudson reviewed the voter boxes and, according to him, discovered evidence of fraud.

On June 10, 2009, Hudson filed an election contest in the Circuit Court of Jones

County, Mississippi contesting the general election for mayor of the City of Laurel. In his contest, Hudson pointed out what he contends are multiple instances of voter fraud. Prior to obtaining service of process on the defendants, Hudson filed a "Motion to Set Hearing" requesting the Court move his contest forward. In response to Hudson's Motion to Set Hearing, on August 4, 2010, the Circuit Court issued a Notice of Hearing stating that Judge Billy Bridges would hear any pending motions on August 20, 2009 at 1:00 p.m.

On August 20, 2009, Hudson appeared at the previously noted hearing along with his friend Marian Allen, who at that time was contesting an election for City of Laurel Alderman. David Ratcliff appeared at the hearing on behalf of the City of Laurel and Wayne Thompson appeared on behalf of Jones County. At the hearing, Hudson, Ratcliff and Thompson discussed service of process on the defendants. Hudson made it clear that it was his opinion that he was not responsible for serving the defendants with process.

Nevertheless, following the hearing, Hudson served the defendants with process and they appeared by way of Answers. The City of Laurel, Jones County and Gavin subsequently filed Motions for Summary Judgment. On October 13, 2009, the Circuit Court heard oral argument on the defendants' Motions for Summary Judgment and granted the same. A Final Judgment issued on October 28, 2009. Hudson appealed the Final Judgment and on February 24, 2011, the Mississippi Supreme Court affirmed the trial Court's ruling.

On March 5, 2010, Hudson filed suit in the Circuit Court of Jones County, Mississippi, against Jones County, Mississippi, the Jones County Board of Supervisors

and Wendell Bart Gavin.  In his Complaint, Hudson contends that he has suffered violations of his Equal Protection and Due Process rights under the United States Constitution.  Hudson also alleges a conspiracy claim under 42 U.S.C. § 1985.  On June 9, 2010, the defendants timely removed the case to this court asserting federal question jurisdiction, 28 U.S.C. § 1441(b).  The court previously denied a motion to remand.  The court has also granted a motion by Gavin and Jones County to dismiss the state law claims of the plaintiff.

On November 24, 2010, Gavin filed his Motion for Summary Judgment arguing that Hudson failed to demonstrate he suffered a constitutional deprivation.  On February 7, 2011, this court granted Gavin's Motion for Summary Judgment ruling that Hudson failed to demonstrate a constitutional violation and dismissing Gavin in his individual capacity  Hudson's Cross-Motion for Summary Judgment was denied as was a Motion for Reconsideration filed by Hudson.  Jones County and Wendell Bart Gavin, in his official capacity, have now moved for summary judgment and Hudson has filed a cross-motion for summary judgment.

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure, Rule 56(c) authorizes summary judgment where "the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  FRCP 56(c); and see *Celotex Corporation v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986).  The existence of a material question of fact is itself a question of law that the district court is bound to

consider before granting summary judgment. *John v. State of La. (Bd. of T. for State C. & U.)*, 757 F.2d 698, 712 (5th Cir. 1985).

A Judge's function at the summary judgment stage is not himself to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 91 L.Ed.2d 202, 106 S.Ct. 2505 (1986).

Although Rule 56 is peculiarly adapted to the disposition of legal questions, it is not limited to that role. *Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis*, 799 F.2d 218, 222 (5th Cir. 1986). "The mere existence of a disputed factual issue, therefore, does not foreclose summary judgment. The dispute must be genuine, and the facts must be material." *Id.* "With regard to 'materiality', only those disputes over facts that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment." *Phillips Oil Company v. OKC Corporation*, 812 F.2d 265, 272 (5th Cir. 1987). Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial. *See Celotex*, 477 U.S. at 323, 106 S.Ct at 2552." *Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992). In making its determinations of fact on a motion for summary judgment, the Court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of

material fact and the appropriateness of judgment as a matter of law to prevail on his motion. *Union Planters Nat. Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131.

"Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]." *John*, 757 F.2d at 708. "Summary judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants' motion for summary judgment," even in light of a Local Rule of the court mandating such for failure to respond to an opposed motion. *Id.* at 709.

However, once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. National Broadcasting Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978). In other words, "the nonmoving litigant is required to bring forward 'significant probative evidence' demonstrating the existence of a triable issue of fact." *In Re Municipal Bond Reporting Antitrust Lit.*, 672 F.2d 436, 440 (5th Cir. 1982). To defend against a proper summary judgment motion, one may not rely on mere denial of material facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. The nonmoving party's response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Fed.R.Civ.P. *See also, Union Planters Nat. Leasing v. Woods*, 687 F.2d at 119.

While generally "'[t]he burden to discover a genuine issue of fact is not on [the]

5

court,' (*Topalian* 954 F.2d at 1137), 'Rule 56 does not distinguish between documents merely filed and those singled out by counsel for special attention-the court must consider both before granting a summary judgment.'" *John*, 757 F.2d at 712 (quoting *Keiser v. Coliseum Properties, Inc.*, 614 F.2d 406, 410 (5th Cir. 1980)).

## ANALYSIS

In this case, Hudson contends that Jones County, Mississippi[1], deprived him of his right to due process and equal protection by failing to "summons" Election Commissioners to his election contest and by failing to ensure that his contest was heard by a jury. Hudson further contends that Jones County conspired to deprive him of his constitutional rights in contravention of 42 U.S.C. § 1985(3). The County contends that Hudson cannot demonstrate he has suffered a constitutional deprivation and, even could he do so, he has failed to prove any such violation was caused by a policy, practice or custom of Jones County. Thus, Jones County is entitled to a judgment as a matter of law.

## ANALYSIS

A local government, such as Jones County, can be held liable under Section 1983 only if "the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." *Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011). Such governmental entities are "responsible only for [their]

---

[1] Hudosn's claims against Gavin in his official capacity are nothing more than claims against the County itself. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985).

own illegal acts" and are "not vicariously liable under § 1983 for [their] employees' actions." *Id.* As such, plaintiffs who seek to impose liability under § 1983 must prove that an "action pursuant to official municipal policy" caused their injury. *Id.* In particular, a plaintiff must demonstrate (1) an official policy or custom, of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose "moving force" is that policy or custom. *Rivera v. Houston Indep. Sch. Dist*, 349 F.3d 244, 247-249 (5th Cir. 2003).

The Fifth Circuit defines a "policy or custom" as either (1) a policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or (2) a persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy*. McGregory v. City of Jackson*, 335 Fed. Appx. 446, 448-449 (5th Cir 2009).

**I.  Due Process**

To state a claim for a due process violation, Hudson must establish a "recognized „liberty or property. interest within the purview of the Fourteenth Amendment, and that he was intentionally or recklessly deprived of that interest, even temporarily, under color of state law.'" *Griffith v. Johnston*, 899 F.2d 1427, 1435 (5th Cir. 1990).  The procedural component of the Due Process Clause makes certain that citizens receive fair process i.e. notice and an opportunity to respond, when deprived of a protected liberty interest. *Finch v. Fort Bend Indep. Sch. Dist.*, 333 F.3d 555, 562 (5th

Cir. 2003).  The substantive due process "bars certain arbitrary, wrongful government actions "regardless of the fairness of the procedures used to implement them." *Marco Outdoor Adver., Inc. v. Reg'l Transit Auth.*, 489 F.3d 669, 673 (5th Cir.. 2007) (quoting, *Zinermon v. Burch*, 494 U.S. 113, 125 (1990)).  Substantive due process is violated by state conduct that "shocks the conscience." *McClendon v. City of Columbia*, 305 F.3d 314, 326 (5th Cir. 2002).

Thus, in order to prove a due process violation, Hudson must first show that he has a "recognized liberty or property interest within the purview of the Fourteenth Amendment." *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 450 (5th Cir. 1995).  The United States Supreme Court has explained that to "have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it … more than a unilateral expectation of it[.]" *Board of Regents v. Roth*, 408 U.S. 564, 569-70 (1972).  A person must "instead, have a legitimate claim of entitlement to" the property interest.  *Id.*

Property interests are not created by the Constitution; rather, "they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." *Id.* at 577.  While the "underlying substantive interest is created by 'an independent source such as state law,' federal constitutional law determines whether that interest rises to the level of a 'legitimate claim of entitlement' protected by the Due Process Clause." *Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 9 (1978); *Woodard v. Andrus*, 419 F.3d 348 (5th Cir. 2005) (a violation of state statute alone is not cognizable under § 1983).

**A. Election Commissioners**

Hudson points to Miss. Code Ann.§ 23-15-931 as evidence that he was constitutionally entitled to have his contest heard by Election Commissioners; however, that section is wholly inapplicable to Hudson's election contest. Section 23-15-931 is found in Sub-article B of Article 29 of Mississippi's Election Code and applies only to contests of primary elections. When an individual is contesting a primary, *i.e.* contesting an election for a party nominee, the petition is first heard by the parties' executive committee. *See*, Miss. Code Ann. § 23-15-927. If the executive committee fails to act reasonably, the aggrieved party can file a petition in circuit court and, on the day of the contest hearing, subpoenas are issued to each of the five election commissioners of the County requiring them to attend the hearing. Miss. Code Ann. § 23-15-931. Thus, in a primary election contest the Election Commissioners are summonsed and sit with the judge or chancellor as advisors in the contest. *Id.*

Contrary to the above, when the election being contested is a general election, Election Commissioners are not issued summons as their participation at the hearing is not necessary. More specifically, in a general election contest, Section 23-15-951 of the Mississippi Code applies as opposed to Section 23-15-931. Section 23-15-951 does not provide for the issuance of summons to Election Commissioners; rather, such contests are heard by a jury alone. Miss. Code Ann. § 23-15-951.

Inasmuch as the election which Hudson contested was a general election, it falls under Section 23-15-951 and does not require summons be issued to the Election Commissioners. Without question, Hudson has no legitimate entitlement to a contest before Election Commissioners. In the absence of a protected property interest, Hudson cannot demonstrate that he suffered a constitutional violation and, thus, any

due process claim must be dismissed

**B. Jury**.

Hudson also complains that he had a constitutionally protected property interest in having his case heard by a jury. Indeed, Section 23-15-951 provides that election contests are "tried by a jury." Miss. Code Ann. § 23-15-951. While this fact alone is insufficient to establish a constitutionally protected property interest, Hudson's claim against Jones County would fail even if this court assumes such an interest.

First, as Hudson has not provided any evidence that Jones County through Gavin deprived him of a jury trial. Next, and more importantly, Hudson was not denied a jury trial by anyone; rather, he was simply unable to get past the defendants' Motion for Summary Judgment in state court. It is well settled in the Fifth Circuit that the entry of a summary judgment does not violate any constitutional rights. *See, Oglesby v. Terminal Trans. Co.*, 543 F.2d 1111, 1113 (5th Cir. 1976). The function of a jury is to try the material facts and where no such facts are in dispute there is no need for a jury trial. *Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007). Hudson had an opportunity to respond to the defendants' Motion for Summary Judgment in the state court and he failed to demonstrate any disputed material facts. Thus, the state court granted summary judgment and that ruling has been affirmed by the Mississippi Supreme Court. Hudson has clearly failed to demonstrate a constitutional entitlement to a jury or a deprivation of the same.

Hudson has not demonstrated a constitutionally protected property interest, thus his due process claim against Jones County must be dismissed. In addition, even if

Hudson was able to demonstrate a constitutional violation, he must establish that a municipal policy, practice or custom was the "moving force" behind that violation. *Rivera*, 349 F.3d at 247-249. Hudson has not and cannot do so and, as such, his claim fails for this reason as well.

## II. EQUAL PROTECTION

The Equal Protection Clause of the Fourteenth Amendment directs that "all persons similarly situated should be treated alike." *City of Cleburne v. Cleburn Living Ctr.*, 473 U.S. 432 (1985). A plaintiff can demonstrate an equal protection claim by providing evidence that a state actor intentionally discriminated against him because of membership in a protected class or that he has been intentionally treated differently from others similarly situated and there is no rational basis for the disparate treatment. *See, Williams v. Bramer*, 180 F.3d 699, 705 (5th Cir. 1999); *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)(class of one claim).

Hudson has not demonstrated either. Although Hudson is an African-American, and thus, a member of a protected class, he has not provided any evidence to demonstrate that Jones County intentionally and purposefully discriminated against him when he failed to summons election commissioners to his election contest or that Hudson was not given a jury trial. Given that Jones County, through Gavin, had no duty to summons the election commissioners or provide a jury trial wholly undermines Hudson's theory. Nevertheless, even had such a duty existed, Hudson has failed to provide evidence of purposeful discrimination. *See, Muhammad v. Lynaugh*, 966 F.2d 901, 903 (5th Cir. 1992).

The Supreme Court has defined "discriminatory purpose" as being "more than intent as volition or intent as awareness of consequences;" rather, the decision maker must have "selected or reaffirmed a course of action at least in part 'because of,' not merely 'in spite of' its adverse effects upon an identifiable group." *Personnel Administrator v. Feeney*, 442 U.S. 256, 279 (1979).  There is absolutely no proof that Jones County, through Gavin, took any action "because of" the adverse effects his alleged actions would have upon African Americans.  At his deposition, Hudson admitted that he had no document, record or other item that evidenced that Jones County nor Gavin treated him differently because he was an African American.  Hudson has merely made bald, unsupported conclusory allegations of discrimination and the same are simply not sufficient.  *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 336 (5th Cir. 2009).

Similarly, Hudson has failed to provide any evidence that any person similarly situated to him was treated differently.  That is, Hudson has not demonstrated that any white person, pro se or otherwise, contesting a general election was treated any different than he was.  In fact, Hudson admits that he has not even "looked" to see if any person was treated differently than him.  This failure in proof is fatal to Hudson's claim and requires the same be dismissed.  Further, even had Hudson demonstrated a constitutional violation, he has failed to provide evidence that any such violation was the result of a municipal policy or practice and, thus, his claim must be dismissed for this reason as well.

### III. 42 U.S.C. § 1985(3)

Finally, Hudson has made broad, conclusory allegations that Jones County

conspired to deprive him of his constitutional rights. Jones County, Mississippi, a municipality, is "incapable of entering into a conspiracy," thus, Hudson's claim under Section 1985 fails. *Batiste v. City of Beaumont*, 421 F. Supp. 2d 969, 988 (E.D. Tex. 2005).

Furthermore, even were that not the case, as this court ruled in its prior Order, Hudson has failed to provide any evidence of any conspiracy. To maintain a claim under section 1985(3), a plaintiff must allege that

> (1) the defendants conspired (2) for the purposes of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, and (3) one or more of the conspirators committed some act in furtherance of the conspiracy; whereby (4) another person is injured in his person or property or deprived of having and exercising any right or privilege of a citizen of the United States; and (5) the action of the conspirators is motivated by racial animus.

*Horaist v. Doctor's Hosp. of Opelousas*, 255 F.3d 261, 270 n. 12 (5th Cir.2001) (quoting, *Wong v. Stripling*, 881 F.2d 200, 202-3 (5th Cir.1989)). Clearly Hudson's Section 1985 claims must be dismissed as he cannot meet any of the elements of proof.

First, Hudson has failed to offer any proof that Jones County "conspired" with any person to deprive him of his right to equal protection. "The essence of a conspiracy is an understanding or agreement between the conspirators." *Lockett v. New Orleans City*, 639 F. Supp. 2d 710, 743 (E.D.LA 2009). While Hudson alleges Jones County through Gavin conspired with one of his deputy clerks, Ms. Bush, to deprive him of his constitutional rights, he fails to offer any evidence in support of this allegation. In fact, the only allegations Hudson makes are that Ms. Bush failed to properly file his certificate of compliance when he was appealing the defendants' summary judgment in

13

his election contest.

Hudson admitted in his deposition that he was not aware of a single conversation between Bush and Gavin regarding the certificate of compliance much less evidence that the two had an understanding or agreement to take any concerted action with the specific intent of depriving him of a constitutional right because he was an African American. Hudson simply has provided no evidence whatsoever that Gavin conspired with any person to deprive him of equal protection of the laws.

Significantly, even if there was evidence of some conspiracy, there is no evidence that the same was motivated by racial animus. To be actionable, a Section 1985 conspiracy must be undertaken to violate a plaintiff's rights based upon their membership of a protected class of persons. *See, Granville v. Hunt*, 411 F.2d 9, 11 (5th Cir. 1969). There is absolutely no such evidence in this case.

Significantly, inasmuch as all of the individuals about whom Hudson complains are Jones County employees, any Section 1985 claim would also be barred by the "intra corporate conspiracy" doctrine. More specifically, in the Fifth Circuit, a municipality and its employees are considered to be a single legal entity, and the entity is therefore incapable of conspiring with itself for purposes of satisfying Section 1985. *See, Hilliard v. Ferguson*, 30 F.3d 649, 653 (5th Cir. 1994); *Thompson v. City of Galveston*, 979 F.Supp. 504, 511-12 (F.D.Tex. 1997).

IT IS, THEREFORE, ORDERED AND ADJUDGED that the Motion for Summary Judgment **[#66]** filed on behalf of Defendant Jones County and Wendell Bart Gavin, in his official capacity, is Granted and the Plaintiff's Complaint is dismissed with prejudice.

14

IT IS FURTHER ORDERED AND ADJUDGED that the Cross-Motion for Summary Judgment **[#64]** filed on behalf of the Plaintiff, Anthony J. Hudson is denied. A separate judgment shall be entered herein in accordance with Rule 58, Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED, this the 3rd day of October, 2011.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE